UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIKRAM AHUJA, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>*Defendants.* | Civil Action No. 21-8517<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Defendants Alejandro Mayorkas' ("Secretary Mayorkas"), Tracy Renaud's ("Director Renaud"), Todd Young's ("Chief Young"), and the United States Citizenship and Immigration Services' ("USCIS") (collectively, "Defendants") Motion to Dismiss, ECF No. 12;

and it appearing that Plaintiffs Vikram Ahuja, Antonio Erwin Dugarte Semidey, Igor, Ivanovich Obraztsov, Narayanan Parameswaran, Wanxin Shi, Tung Fai Wong, Setareh Alipourfetrati, Nicolas Manuel Luis Carballo, Markus Schmid, and Chuong Nguyen Vo (collectively, "Plaintiffs") oppose the Motion, ECF No. 15;

and it appearing that this immigration action arises from Defendants' denial of Plaintiffs' respective Forms I-829 for lawful permanent residency, see generally Compl., ECF No. 1;

and it appearing that Defendants argue, among other things, that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue;[1]

---

[1] Rule 12(b)(3) permits a court to dismiss a complaint for improper venue or, if "in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a).

While Defendants have also challenged the Court's subject matter jurisdiction over this action, the Court may determine other "threshold question[s]" such as venue before addressing jurisdiction. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007). "[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." Id.

1

and it appearing that Defendants are a federal agency and several officers and employees of the United States;

and it appearing that where an officer, employee, or agency of the United States is named as a defendant, venue is proper in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action," 28 U.S.C. § 1391(e)(1);

and it appearing that Defendants argue that venue is improper in New Jersey because no Plaintiff or Defendant resides in New Jersey, and because the adjudications of the relevant I-829 petitions took place in Washington D.C., not New Jersey, see, e.g., Declaration of Books E. Doyne ("Doyne Decl.") Exs. C, G, ECF Nos. 12.6, 12.10;

and it appearing that Plaintiffs do not argue that a substantial part of the relevant events took place in New Jersey,[2] but contend that venue is proper because Plaintiff Vikram Ahuja ("Ahuja") resides in New Jersey[3] and because Defendants have offices in Newark;

and it appearing that "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled," 28 U.S.C § 1391(c)(1);

and it appearing that domicile is "established by a party's physical presence in a state with an intent to remain there indefinitely," Coyoy v. United States, 526 F. Supp. 3d 30, 38 (D.N.J. 2021) (quoting Frett-Smith v. Vanterpool, 511 F.3d 396, 401 (3d Cir. 2008));

---

[2] According to the Complaint, Plaintiffs each sought legal permanent residency based on their capital investments in two enterprises located in Vermont. See Compl. ¶¶ 76, 87.

[3] Neither the Complaint nor Plaintiffs' opposition alleges that any other Plaintiff resides in New Jersey.

and it appearing that "[r]esidence simply means the place where one lives," i.e., "a house, an apartment, or a tent, at some physical location on planet Earth," id. at 37-38;

and it appearing that for venue purposes, a party's intent to remain must be lawful to establish domicile, id. at 41;

and it appearing that while Ahuja formerly lived in New Jersey, he last departed the United States in March of 2019, see Declaration of Vikram Ahuja ("Ahuja Decl.") ¶¶ 5-6, ECF No. 15.3;

and it appearing that on May 12, 2020, Ahuja filed a Form I-131 application to reenter the United States, Compl. ¶ 67;

and it appearing that on September 30, 2020, Defendants denied Ahuja's I-829 petition, id.;

and it appearing that on February 1, 2021, Defendants denied Ahuja's re-entry application based on the denial of the I-829 petition, and that as a result, Ahuja is unable to return to New Jersey, id.;

and it appearing that Ahuja avers that "[b]ut for the denial of my [reentry] application, I would have returned to the United States," Ahua Decl. ¶ 13;

and it appearing that Plaintiffs filed the Complaint on April 7, 2021, while Ahuja remained outside the country, ECF No. 1;

and it appearing that despite Ahuja's stated intent to return to New Jersey, his lack of physical presence in the United States for over one year before attempting to return, and for over two years before filing the Complaint, prevents him from establishing residency in this District, see Coyoy, 526 F. Supp. 3d at 38;

and it appearing that regardless, the denial of Ahuja's petition for reentry on February 1, 2021 rendered his desired reentry into the United States unlawful;

3

and it appearing that Ahuja therefore does not reside in this District for purposes of 28 U.S.C § 1391(c)(1);

and it appearing that with respect to Defendants, "[f]or purposes of § 1391(e)(1)(A), the United States and its agencies reside in Washington, D.C.," Adams, Nash & Haskell, Inc. v. United States, No. 19-3529, 2020 WL 1305620, at *2 (D.N.J. Mar. 19, 2020) (citations omitted);[4]

and it appearing that venue is therefore improper in New Jersey pursuant to 28 U.S.C. § 1391(e)(1), but that venue would be proper in the District of Columbia based on the residency of Defendants;

and it appearing that in the interest of justice and in lieu of dismissal, the Court will transfer this action to the District of Columbia pursuant to 28 U.S.C. § 1406(a);

**IT IS** on this 28th day of April, 2022;

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 12, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that this action is **TRANSFERRED** to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a) for further proceedings; and it is further

**ORDERED** that Defendants may renew their Motion to Dismiss upon completion of the transfer.

---

[4] Plaintiffs argue that venue may not be proper in the District of Columbia because the USCIS has recently relocated its headquarters to Maryland. At least one court has held that the USCIS and Director Renuad now reside in Maryland for venue purposes. See Bahena v. Renaud, No. 21-291, 2021 WL 1820232, at *2 (D.D.C. May 6, 2021). However, Plaintiffs have named Chief Young in his official capacity as acting Chief of the Immigrant Investor Program Office, which according to Defendants' evidence, remains located in Washington D.C. See, e.g., Doyne Decl. Exs. C, G. Plaintiffs have also named Secretary of Homeland Security Mayorkas, who indisputably "resides" in Washington D.C. See, e.g., Akinyode v. United States Dep't of Homeland Sec., No. 21-110, 2021 WL 3021440, at *2 (D.D.C. July 16, 2021) (finding immigration-related suit against Secretary Mayorkas, Director Renaud, and the USCIS properly venued in the District of Columbia but transferring venue to the District of New Jersey pursuant to 28 U.S.C. § 1404(a) based on, inter alia, the residency of the Plaintiff).

Of course, nothing in this Order prevents Plaintiffs from later seeking a transfer of venue to another proper District pursuant to 28 U.S.C. § 1404(a).

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

5